# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHON TERRELL LOWERY | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-16-2890 (Related Crim. Case GLR-14-0248) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

## **OPINION**

Pending before the Court is Petitioner Stephon Terrell Lowery's ("Lowery") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 392). The government opposes the Motion (ECF No. 394). Petitioner Lowery has filed a Reply (ECF No. 395). No hearing is necessary. See 28 U.S.C. § 2255 (b). For reasons outlined below, the Motion will be denied.

On April 8, 2015, Lowery plead guilty to conspiracy to distribute and possess with intent to distribute 28 grams or more of a mixture of substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (ECF No. 193). The written plea agreement was tendered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and provided for a term of imprisonment of 96 months to 144 months (ECF No. 193). Lowery, within the confines of the plea agreement, waived his right to appeal his conviction as well as his sentence, as long as that sentence was not greater than 144 months imprisonment (ECF No. 193). On August 26, 2015, the Court sentenced Lowery to 120 months imprisonment (ECF No. 311). On August 15, 2016, Lowery filed the present Motion. Lowery contends he is entitled to relief under Amendment 794

1

to the United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2 adopted on November 1, 2015, because he played a "minor role" in the narcotics conspiracy.

Claims under § 2255 can be based only on a claim of lack of jurisdiction, constitutional error, an error resulting in a complete miscarriage of justice or a proceeding that is inconsistent with the rudimentary demands of fair procedure. See Hamilton v. United States, 67 F.3d 761, 763 (9th Cir. 1995); see also United States v. White, 2016 WL 4523288, at 1 (W.D. Va. Aug. 26, 2016). The government correctly points out that Lowery fails to allege any cognizable defect under § 2255. His request for retroactive benefits of an amendment to the U.S.S.G., cannot be brought as a § 2255 motion, but must be brought as a motion under 18 U.S.C. § 3582. See White, 2016 WL 4523288, at 1. As a result, the Court must dismiss Lowery's petition.

Further, even assuming the Court construed Lowery's Motion as a Petition seeking reduction under 18 U.S.S.C. § 3582(c), the Petition must be denied because Amendment 794 is not applicable retroactively. See U.S.S.G. 1B1.1(e). The Sentencing Commission has made clear that Amendment 794 may be reviewed only on direct appeal and not on collateral review, which Lowery seeks here. United States v Fakhoury, 2016 WL 4939226, at 2 (D. Md. September 14, 2016). As a result, for this reason, the Petition must be denied as well.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a jurisdictional prerequisite to an appeal from the court's earlier order. United States v. Hadden, 475, F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can

demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). Lowery does not satisfy the standard. As a result, a certificate of appealability will not issue. The Clerk is DIRECTED to CLOSE this case.

So ORDERED this 18th day of April 2017.

/s/
_____
George L. Russell, III
United States District Judge